## COTTER v. O'CONNELL.

1. **Tender:** JUDICIAL SALE. Where a party paid to the clerk a certain amount as a tender to be accepted, if at all, in full discharge of a judgment, with interest and costs, the acceptance of it by the attorney of the judgment creditor will bind the latter to account to the plaintiff for the proceeds of a sheriff's sale made to satisfy the judgment.

*Appeal from Clinton Circuit Court.*

SATURDAY, JUNE 8.

ON the 14th day of April, 1874, William O'Connell recovered a judgment by default against Garrett Cotter for one hundred and sixty-one dollars and three cents, and twenty-one dollars and ninety-five cents costs, and fifty dollars attorney's fee, together with a foreclosure of mortgage, and an order for a special execution. The petition upon which this judgment was rendered did not pray a foreclosure of the mortgage. On the 2d day of June, 1874, the mortgaged property was sold to Henry Gerhard, for the sum of one hundred and ninety dollars, and a certificate of purchase was issued to him. On the 2d day of the next term, September 8, 1874, Cotter appeared and moved the court to vacate the decree of foreclosure of the mortgage, and the proceedings thereunder, for the reason that the suit had been prosecuted at law, and no decree of foreclosure had been asked. On the 12th day of April, 1875, Cotter moved to set aside the sale to said Gerhard, and tendered and paid into court the sum of one hundred and eighty-two dollars and seventy-two cents, in full of

the said judgment, interest and costs. Pending a decision upon said motion, Cotter filed his petition asking that the sale be set aside, and that the sheriff be enjoined from executing a deed to Gerhard. A preliminary injunction issued as prayed. O'Connell appeared and asked leave to amend his petition in the suit in which the foreclosure was obtained. At the September Term, 1875, the court rendered a decision upon the respective motions, refusing to permit O'Connell to amend his petition, setting aside the decree of foreclosure, and vacating the sale. From this ruling O'Connell appealed to this court. On the 20th day of September, 1876, this court reversed the ruling of the Circuit Court, and held that the sale was valid, and that the court should have permitted the amendment of the petition in the foreclosure proceeding. See *O'Connell v. Cotter*, 44 Iowa, 48. Pending this appeal, on the 17th day of April, 1876, John F. McGuire, attorney of O'Connell, accepted the money deposited with the clerk as a tender, and executed therefor a receipt, as follows: "Received from W. B. Leffingwell, clerk, the sum of one hundred and eighty-two dollars and seventy-two cents, the same being tendered by Isaac Baldwin on the 12th day of April, A. D. 1875, in the above case, for Garrett Cotter, and being tendered in full of principal and interest on note sued on, to April 12, 1875, in full payment of all costs prior to April 14, 1874." On the 28th day of September, 1876, a *procedendo* issued from this court, and on the 14th day of October, 1877, the sheriff executed to Gerhard a deed, pursuant to his purchase. In the meantime the action in which the injunction was prayed had been continued. On the 18th of January, 1877, Cotter filed a substituted and amended petition, setting forth a history of the cause, and praying that the sale to Gerhard be cancelled, and for general relief. The defendant answered, denying that the tender of one hundred and eighty-two dollars and seventy-two cents was received in full satisfaction of the amount due, alleging that one hundred and fifteen dollars and sixty-five cents had been applied in satis-

fying costs in the Supreme Court and balance of the principal judgment, and tendering to plaintiff the balance, seventy dollars and ninety-seven cents. The court refused to set aside the sale to Gerhard, and rendered judgment against O'Connell for the amount for which the property was sold, with interest and costs. The defendant appeals.

*John I. Mullany*, for appellant.

*Isaac Baldwin*, for appellee.

DAY, J.—I. Appellant insists that plaintiff has mistaken his remedy. It is urged that he should have set up the fact of the acceptance of the tender under the provisions of sections 3212, 3213 of the Code, and moved thereon for a dismissal of the appeal in the Supreme Court. We are, however, of the opinion that, while the plaintiff might have pursued that course, he is not confined to that remedy.

II. Appellant mainly relies upon the fact that the tender was accepted, not in satisfaction of the entire demand, but 1. TENDER: merely in discharge of what remained after crediting the judgment with the amount of the sale. This position of appellant is not tenable. The amount accepted was very largely in excess of the unsatisfied portion of the judgment, and must have been known to the attorney of O'Connell to be so. It was within a few cents of the amount of the judgment, interest, and costs, less the attorney's fee. It was tendered and was in custody of the clerk in full satisfaction of the amount of the claim. The clerk had no authority to pay it out except in full satisfaction of the demand, and the evidence shows that he refused to do so. McGuire, the attorney of O'Connell, had no right to the tender except as in full discharge of the claim, and when he accepted it the claim was, in law, discharged. It is claimed that it is improbable that McGuire, as attorney for O'Connell, would accept one hundred and eighty-two dollars and seventy-two cents in full settlement of the case, when he had

already made one hundred and ninety dollars, on the judgment through the sheriff's sale. But that sale had been set aside, and, to say the least, the validity of it was in great doubt. The defendant, having accepted satisfaction of the claim, was properly held to account for the proceeds of the sheriff's sale.

AFFIRMED.