**John G. KISSNER, d/b/a Kissner's Painting, Plaintiff–Appellant,**

v.

**Jerry BROWN, d/b/a Jerry Brown Design, Margo Blumenthal and Donald Blumenthal, Defendants–Appellees.**

No. 91–225.

Court of Appeals of Iowa.

April 28, 1992.

Mark S. Soldat, Algona, for plaintiff-appellant.

John F. Lorentzen of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for defendants-appellees.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

PER CURIAM.

This case arises from a claim made by plaintiff-appellant John G. Kissner, subcontractor, against defendant-appellee Jerry Brown, the contractor, and defendants-appellees Margo and Donald Blumenthal, property owners where the work was performed.

The trial court heard evidence, made oral findings, and then filed very concise written findings and entered judgment for plaintiff against defendant Brown for $2,203, an amount less than the amount plaintiff claimed was due. The trial court also refused to foreclose a mechanic's lien plaintiff had filed against defendants Blumenthal. Defendant Brown paid the judgment and costs, and plaintiff's attorney negotiated the check making payment. Plaintiff then appealed from the judgment.

Plaintiff contends on appeal (1) the trial court erred in failing to make a written finding of facts and separately state its conclusions of law, (2) the trial court erred in failing to award the damages for breach of an express contract, (3) the trial court erred in failing to award the damages for express contracts with an implied compensation term or for implied contracts, (4) the trial court erred by failing to foreclose the mechanic's lien, and (5) the trial court erred by failing to award attorney fees under Iowa Code section 572.32.

Defendants contend the issues before us have been rendered moot by the plaintiff's negotiation of defendant Brown's payment of the judgment and costs. Defendants also contend we should enter judgment against plaintiff for $100 for failing to file a satisfaction of the judgment.

We first address defendants' claims that the issues before us are moot.

■ Plaintiff's attorney, who is still representing him, accepted and negotiated the check from the clerk of court in his client's behalf. An attorney has the power to receive the money in his client's behalf. Iowa Code § 602.10114(3). When plaintiff's attorney accepted and negotiated without reservation or protest, the check tendered by the clerk paying the judgment in full, the plaintiff's attorney satisfied the judgment. *Cotter v. O'Connell,* 48 Iowa 552, 554 (1878). When valid consideration is offered, intended and accepted in full satisfaction of a claim, an accord and satisfaction takes place. *See Electra Ad Sign Co. v. Cedar Rapids Truck Center,* 316 N.W.2d 876, 879 (Iowa 1982). When the money was accepted, it satisfied the claim and the claim was canceled. *Mayrath Co. v. Helgeson,* 258 Iowa 543, 547, 139 N.W.2d 303, 305 (1966). It also satisfied plaintiff's claim against all defendants. Plaintiff's petition sued all defendants on the same account and asked for judgment against all defendants.

When the account was reduced to judgment, the account was merged in the judgment and no further action could be taken on the account. *See American Title Ins.*

*Co. v. Stoller Fisheries, Inc.*, 227 N.W.2d 481, 484 (Iowa 1975).

We next address defendants' claim that plaintiff has failed to comply with their demand to satisfy the judgment, and we should award defendants $100 because of this failure and remand to the trial court to determine attorney fees. Defendants contend this result is dictated by Iowa Code section 624.37 (1991) that provides:

> When the amount due upon judgment is paid off, or satisfied in full, the party entitled to the proceeds thereof, or those acting for that party, must acknowledge satisfaction thereof upon the record of such judgment, or by the execution of an instrument referring to it, duly acknowledged and filed in the office of the clerk in every county wherein the judgment is a lien. A failure to do so within thirty days after having been requested in writing shall subject the delinquent party to a penalty of one hundred dollars plus reasonable attorney fees incurred by the party aggrieved, to be recovered in an action for the satisfaction or acknowledgment by the party aggrieved.

This issue is not before us. Iowa Code section 624.37 provides the charge can be recovered in an action for satisfaction or acknowledgment by the party aggrieved. This is not an action for satisfaction or acknowledgment. We deny defendants' claim for $100 and attorney fees without prejudice to them to file an action for satisfaction of the judgment.

Costs on appeal are taxed to plaintiff.

AFFIRMED.