# IN THE SUPREME COURT OF IOWA

No. 15–0714

Filed November 18, 2016

**AUTO-OWNERS INSURANCE COMPANY,**

Appellant,

vs.

**IOWA INSURANCE DIVISION,**

Appellee.

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Insurer appealed insurance commissioner's decision to decline to consider the merits of an insured's complaint and the district court dismissed for lack of standing. **APPEAL DISMISSED.**

CeCelia C. Ibson of Ibson Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jordan G. Esbrook, Assistant Attorney General, for appellee.

**APPEL, Justice.**

In this case, we are asked to consider whether an insurer may bring an appeal under the Iowa Administrative Procedures Act of an action by the insurance commissioner when the commissioner declined to consider the merits of an insured's complaint challenging the insurer's termination of workers' compensation insurance on the ground that the complaint raised factual issues that could not be resolved by the agency. For the reasons expressed below, we conclude the appeal is moot and thus dismiss the appeal.

## I. Factual and Procedural Background.

Subject to exceptions not relevant to this case, Iowa employers are required by law to obtain insurance covering their liability for workers' compensation benefits. Iowa Code § 87.1 (2015). When an employer in good faith is entitled to insurance but is unable to procure it in the open market, Iowa's assigned risk plan provides a mechanism by which coverage is available. Iowa Code § 515A.15. Auto-Owners Insurance Company (Auto-Owners) is a participant in Iowa's assigned risk plan.

The National Council on Compensation Insurance (NCCI) is a rating organization operating in Iowa and is administrator of the assigned risk plan. As we noted in *Travelers Indemnity Co. v. Commissioner of Insurance*, NCCI "adopted rules for the administration, management, and enforcement of the assigned risk plan in Iowa." 767 N.W.2d 646, 647–48 (Iowa 2009).

On February 28, 2014, Health Dimensions Rehabilitations, Inc. (Health Dimensions) submitted an application for workers' compensation insurance to the assigned risk plan. Health Dimensions has its home office in Minnesota. It conducts business in Minnesota, Iowa, South Dakota, and Wisconsin. Pursuant to the assigned risk plan, NCCI

assigned Auto-Owners as Health Dimensions workers' compensation insurance carrier.

On assignment from Auto-Owners, Travelers Indemnity Company issued a workers' compensation policy. The policy provided coverage only for Health Dimensions' Iowa workers engaged in its Iowa operations. Carolina Casualty Insurance Company provided coverage for Health Dimensions' Minnesota employees.

A dispute arose between Health Dimensions and Carolina Casualty regarding the proper premium for coverage of its Minnesota employees. The dispute led to NCCI sending a letter to Auto-Owners on June 17, which stated that Health Dimensions had been identified as ineligible for assigned risk coverage because the company was "identified as having an undisputed premium or other monetary obligation on a prior/current workers compensation policy." The NCCI instructed Auto-Owners to verify that the policy with Health Dimensions was an assigned risk policy and, if so, Auto-Owners was instructed to initiate cancellation of the policy.

On June 19, Auto-Owners issued a notice of cancellation to Health Dimensions, effective July 4. The notice indicated that Health Dimensions' workers compensation policy was "cancelled by underwriter and/or plan admin."

Health Dimensions responded to the notice of cancellation in two ways. First, in August, Heath Dimensions filed an action in Minnesota state court against Auto-Owners claiming breach of contract. In the lawsuit, Health Dimensions sought a declaratory judgment as well as punitive damages.

Second, on September 11, Health Dimensions sent a letter to the Iowa insurance commissioner complaining about the cancellation of its

Iowa policy and claiming the cancellation violated Iowa law. On October 10, Auto-Owners submitted its response. In its response, Auto-Owners provided an extensive history of the dispute.

On October 28, John Leonhart, an enforcement attorney for the Iowa Insurance Division, wrote Health Dimensions regarding its September 11 complaint. In the letter, Leonhart stated,

> It appears from the matters raised in your letters, the response from Auto-Owners and the complaint filed in the District Court for the County of Isanti, State of Minnesota that you have a factual dispute with Auto-Owners and NCCI. The Division as a state administrative agency does not have the authority to resolve such a factual dispute. The proper forum for this is a court of law and that is where this matter now resides. The Division cannot intervene in a matter that is currently being litigated before a judicial tribunal.

Auto-Owners filed a petition for judicial review in Polk County District Court on November 20. The petition sought a declaration that the insurance commission should have exercised jurisdiction over the dispute between Health Dimensions and Auto-Owners. The commissioner filed a motion to dismiss the petition, arguing that Auto-Owners was not "a person aggrieved by the application of a rating system" under Iowa Code section 515A.9. In an amended filing, the commissioner argued that Auto-Owners had no standing to challenge the commissioner's action under Iowa Code section 17A.19.

The district court entered its ruling on March 31, 2015. In its ruling, the district court held that Auto-Owners lacked standing to litigate the issues. The district court stated that the only requirement of standing at issue in the case was whether Auto-Owners is "aggrieved or adversely affected" by the commissioner's decision under Iowa Code section 17A.19(1).

The district court applied the test developed by this court in *Polk County v. Iowa State Appeal Board*, 330 N.W.2d 267, 273 (Iowa 1983). In *Polk County*, we applied a two-prong test to standing under the Iowa Administrative Procedure Act. *Id.* The first *Polk County* standing requirement, the interest prong, required a party to show a "specific, personal and legal interest in the subject matter" of the agency action. *Id.* The second *Polk County* standing requirement, the prejudice prong, required an appealing party to demonstrate the agency action has a specific or injurious effect on the appealing party's interest. *Id.* The district court concluded that while Auto-Owners met the interest prong of the *Polk County* test, it failed to meet the prejudice prong. The district court granted the motion to dismiss.

Auto-Owners appealed the district court decision. For the reasons expressed below, we dismiss the appeal as moot.

**II. Discussion.**

At oral argument in this matter, we were advised by counsel that Health Dimensions had accepted a refund check from Auto-Owners related to the cancelled insurance policy and did not appear at a hearing in state court in Minnesota dealing with questions related to cancellation of the Health Dimensions' policy with Auto-Owners. The dispute regarding cancellation of the insurance policy which was presented to the insurance commissioner thus appears to be moot. *See Electra Ad Sign Co. v. Cedar Rapids Truck Ctr.*, 316 N.W.2d 876, 879 (Iowa 1982) (holding that an obligation is discharged when valid consideration is offered, intended, and accepted as full satisfaction of the original claim); *Kissner v. Brown*, 487 N.W.2d 97, 98 (Iowa Ct. App. 1992) (per curiam) (stating plaintiff accepting and cashing check for judgment without reservation or protest rendered plaintiff's appeal moot). Under the circumstances

presented and applying our established caselaw, we dismiss the appeal as moot.

### III. Conclusion.

For the above reasons, the appeal is now moot and must be dismissed.

**APPEAL DISMISSED.**