**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

TONI R. DONAHUE, individually and on
behalf of minor D. C. D.,

     Petitioner - Appellant,

v.

KANSAS BOARD OF EDUCATION;
ELENA LINCOLN, individually and as
Appeal Officer; MARK WARD,
individually and as Officer of Agency;
LLOYD SWARTZ, individually and as
Due Process Hearing Officer; SCOTT
GORDON, individually and as Officer of
Agency; RANDY WATSON,
Commissioner of Education; OLATHE
SCHOOL DISTRICT USD #233; JOHN
ALLISON, Superintendent; DEBORAH
CHAPPELL, individually and as Officer of
Agency,

     Respondents - Appellees.

No. 19-3180
(D.C. No. 2:18-CV-02012-CM-JPO)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Toni R. Donahue, proceeding pro se, appeals from the judgment entered against her dismissing her petition for review. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I. Background

Ms. Donahue's minor child was a student in Olathe School District USD No. 233 ("District"). In October 2017, Ms. Donahue filed a request for a special education due process hearing. She alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.[1] The effective filing date of the due process complaint[2] is disputed.

Lloyd Swartz was appointed as the hearing officer. The District filed a response and a notice of insufficiency, arguing that Ms. Donahue's due process complaint omitted information required by statute and should be dismissed due to the insufficiency. The hearing officer dismissed Ms. Donahue's due process complaint as insufficient. Ms. Donahue appealed the dismissal. An appeal review officer

---

[1] "The IDEA's overarching purpose is to ensure that children with disabilities receive a free appropriate public education . . . that 'emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living.'" *Chavez ex rel. M.C. v. N.M. Pub. Educ. Dep't*, 621 F.3d 1275, 1277 (10th Cir. 2010) (quoting 20 U.S.C. § 1400(d)(1)(A) (2000)).

[2] Although the form Ms. Donahue filed is captioned as a request for a due process hearing, the parties and the district court refer to it as a "due process complaint," which is the phrasing used in the relevant regulation, 34 C.F.R. § 300.507.

2

(Elena Lincoln) concluded that the appeal was untimely and that Ms. Donahue had not shown good cause for filing an appeal outside the deadline required by statute.

Ms. Donahue then filed a petition for review, on behalf of herself and her minor child, seeking judicial review of the hearing officer's dismissal of her due process complaint and the appeal review officer's subsequent dismissal of her appeal. She stated that she brought the action pursuant to 34 C.F.R. § 300.516, which is the regulation that addresses the right to judicial review under the IDEA,[3] and 5 U.S.C. § 702, which addresses the right to judicial review under the Administrative Procedures Act (APA). She also referenced 42 U.S.C. §§ 1983 and 1985 and she asked for a preliminary injunction.

In her second amended petition, she named as respondents the Kansas Board of Education,[4] Ms. Lincoln, Mr. Swartz, Scott Gordon, Randy Watson, Mark Ward, the District, John Allison, and Deborah Chappell. Mr. Gordon, Mr. Watson, and Mr. Ward are all employees of the Kansas State Department of Education. Mr. Allison and Ms. Chappell are employees of the District.

Early in the litigation, Ms. Donahue filed a motion requesting that the magistrate judge recuse himself from her case. The magistrate judge denied the motion.

---

[3] The statutory provision under the IDEA that provides authority for this regulation is 20 U.S.C. § 1415(i)(2).

[4] The official name is the Kansas State Board of Education.

In an order entered on June 20, 2018 ("June 2018 order"), the district court granted all of the respondents' motions to dismiss,[5] with the exception of the District's motion. Although Ms. Donahue argued otherwise, the court determined that her action was limited to one for judicial review under the IDEA and that Ms. Donahue and the District were the only proper parties to such an action. The court dismissed all the other parties and claims. The court also denied Ms. Donahue's request for a preliminary injunction.

Ms. Donahue filed an interlocutory appeal challenging the district court's denial of her request for injunctive relief. This court affirmed the district court's decision. *Donahue v. Kan. Bd. of Educ.*, No. 18-3130, 2019 WL 2359370, at *1 (10th Cir. June 4, 2019) (unpublished).

Briefing proceeded on Ms. Donahue's remaining claim against the District in accordance with D. Kan. R. 83.7.1(c)-(d). After briefing concluded, the case was submitted to the district court to render a decision on the briefs and the administrative record. *See* D. Kan. R. 83.7.1(d). The court entered an order on August 21, 2019 ("August 2019 order"), dismissing the petition for lack of subject matter jurisdiction due to Ms. Donahue's failure to exhaust her administrative remedies. The court

---

[5] Mr. Swartz proceeded pro se in district court. He filed an answer in which he sought dismissal based on his actions as an independent hearing officer, but he did not file a formal motion to dismiss. In its June 2018 order, the district court ordered Ms. Donahue to show cause why Mr. Swartz should not be dismissed for the same reasons as the other individual respondents. In an order entered August 27, 2018, the court dismissed Mr. Swartz from the case for the same reasons it dismissed the other parties as set forth in its June 2018 order.

4

entered a separate judgment that same day. Ms. Donahue now appeals from that judgment.

## II. Discussion

We first note that "[a]lthough a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks, citation, and brackets omitted). Before we address the issues raised in Ms. Donahue's pro se brief, we further note that the Federal Rules of Appellate Procedure require that a party support their arguments with citations to the record and legal authority, *see* Fed. R. App. P. 28(a)(8)(A) (appellant's argument "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

Even with a liberal construction, Ms. Donahue's opening brief does not raise any specific argument challenging the district court's August 2019 order granting the District's motion to dismiss for lack of subject matter jurisdiction. We therefore conclude she has waived any challenge to that decision. *See Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)). Ms. Donahue's issues in her opening brief challenge rulings in two interlocutory orders—the district court's June 2018 order and the magistrate judge's order denying her recusal motion.

5

Because Ms. Donahue's notice of appeal stated that she was appealing from the final judgment, we have jurisdiction to review these earlier interlocutory decisions. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236-37 (10th Cir. 2009) ("Under this circuit's precedent, a notice of appeal designating the final judgment necessarily confers jurisdiction over earlier interlocutory orders that merge into the final judgment.").

We review de novo the district court's decision to grant the respondents' motions to dismiss. *See Wyoming v. U. S. Dep't of Interior*, 839 F.3d 938, 942 (10th Cir. 2016). We review for abuse of discretion the magistrate judge's decision denying Ms. Donahue's recusal motion. *See Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).

A. *Denial of Request for Preliminary Injunction*

Ms. Donahue first argues that the district court erred in denying her request for a preliminary injunction. She fails to acknowledge, however, that she previously filed an interlocutory appeal from the district court's denial of her request for injunctive relief, and this court affirmed the district court's decision. *See Donahue*, 2019 WL 2359370, at *1. We therefore conclude that Ms. Donahue's argument is barred by the law-of-the-case doctrine. Under that doctrine, "when a court rules on an issue of law, the ruling should continue to govern the same issues in subsequent stages in the same case." *Fish v. Schwab*, 957 F.3d 1105, 1139 (10th Cir. 2020) (internal quotation marks omitted), *petition for cert. filed*, No. 20-109 (U.S. July 28, 2020). And "the decision of the appellate court establishes the law of the case and

6

ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Id*. (internal quotation marks omitted). While some preliminary-injunction decisions do not establish law of the case, we have held that "*a fully considered* appellate ruling on an issue of law made on a preliminary injunction appeal becomes the law of the case for further proceedings in the trial court on remand and in any subsequent appeal." *Id*. at 1140 (internal quotation marks, brackets and ellipsis omitted).

In denying her request for preliminary injunctive relief, the district court determined that Ms. Donahue "ha[d] identified no evidence of irreparable injury, as all of the allegations in [her] motion occurred in the past. [Ms. Donahue] no longer lives in the school district, and has not indicated that she intends to return." R., Vol. I at 350. In her appeal, Ms. Donahue "argue[d] that her allegations of past misconduct are adequate to establish irreparable harm, even though she no longer lives in the school district and has not shown an intent to return." *Donahue*, 2019 WL 2359370, at *2. But we held that "allegations of past harm are inadequate to establish irreparable harm," because "[t]he purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Id*. (internal quotation marks and emphasis omitted).

Our fully considered appellate ruling on a legal issue—that allegations of past harm cannot establish irreparable harm—is law of the case on the denial of Ms. Donahue's request for a preliminary injunction.

7

B.  *Applicability of the Administrative Procedures Act*

In district court, Ms. Donahue argued that she was not bringing an action for judicial review under the IDEA, but instead she was bringing an action for judicial review under the APA, 5 U.S.C. § 701 et seq.  The court rejected her argument, explaining that the APA "applies to review of <u>federal</u> agency decisions—not state agency decisions."  R., Vol. I at 344.  For support, the court cited to the APA's definition of "agency," which is "each authority of the Government of the United States."  5 U.S.C. § 701(b)(1).  The APA provides that "[a] person suffering legal wrong because of *agency* action, or adversely affected or aggrieved by *agency* action within the meaning of a relevant statute, is entitled to judicial review thereof."  *Id.* § 702 (emphasis added).

In her appellate brief, Ms. Donahue argues that the district court erred in determining that the APA only applies to federal agencies.  She cites to two state cases—one from Arkansas and one from Iowa—that involved the applicability of state administrative procedure acts to state agency action.  *See* Aplt. Br. at 9 (citing *Ark. State Bd. of Educ. v. Purifoy*, 731 S.W. 2d 209 (Ark. 1987) and *Lewis Cent. Educ. Ass'n v. Iowa Bd. of Educ. Exam'rs*, 625 N.W. 2d 687, 690 (Iowa 2001)).  Those cases have no relevance here as they did not involve the ability of a party aggrieved by state agency action to seek judicial review under the federal APA.

Ms. Donahue also cites to *Kelley v. Metropolitan County Board of Education of Nashville & Davidson County*, 372 F. Supp. 528 (M.D. Tenn. 1973), to support her argument.  But that case involved "acts by federal officers that were alleged to be

8

unconstitutional." *Id.* at 537. Specifically, the third-party plaintiffs, who were members of the City Council with children attending Nashville public schools, alleged that federal officers who were charged with providing federal assistance under the Emergency School Assistance Program "to fund transportation expense and the purchase of buses pursuant to court-ordered desegregation plans," refused to provide funds in accordance with that program. *Id.* at 533. The district court concluded it did have jurisdiction over the action against the federal officers under the APA and 28 U.S.C. § 1361. *Id.* at 540. The *Kelley* decision does not support Ms. Donahue's argument that the APA applies to state agency action; rather, *Kelley* involved a claim against federal officers charged with implementing a federal program.[6]

The district court did not err in determining that the APA does not apply to Ms. Donahue's request for judicial review of state agency action.

C. *Dismissal of the Individual Respondents and the State Board of Education*

The district court dismissed all of the individual respondents and the Kansas State Board of Education after concluding that they were not proper parties to an

---

[6] In this section of her brief, Ms. Donahue also argues that she is entitled to judicial review under a state statute. She contends that the actions of the state agency "are reviewable under the Kansas Judicial Review Act [KJRA], which is an act created under the Kansas Administrative Procedure Act." Aplt. Br. at 10-11. She further contends that "the KJRA is virtually identical to [the APA]" and she asserts "that pendant jurisdiction should apply." *Id.* at 11. As the district court explained in its order, "[i]f [Ms. Donahue] had asked for judicial review in state court, the KJRA would have governed the action. But it does not govern procedure in federal court." R., Vol. I at 345-46 (citations omitted). Ms. Donahue's argument fails to

IDEA action for judicial review. The court determined that Ms. Donahue and the District were the only proper parties.

Ms. Donahue argues that the district court erred in this determination and that additional parties may be added to her petition for judicial review. We conclude this issue is moot. As noted above, Ms. Donahue failed to raise any argument challenging the court's August 2019 order dismissing her petition for judicial review for lack of subject matter jurisdiction. Because the dismissal of her petition for judicial review stands unchallenged and therefore no parties could be added to that petition, it would be impossible for this court to grant any effective relief on this issue. *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) ("In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (internal quotation marks omitted)).

D. *Dismissal of Claims Other than Claim for Judicial Review*

Ms. Donahue asserts that her "claims against the collective defendants were not yet presented" and "[t]o dismiss claims that had not yet been presented, was premature and violated [her] substantive right to due process." Aplt. Br. at 14. She fails to explain, however, what claims she had not yet presented that were dismissed

---

acknowledge the court's decision on this issue and likewise fails to demonstrate that she is entitled to judicial review in this action under the KJRA.

or how her due process rights were violated.  She also provides no citations to the record or legal authority for this argument.  We conclude this portion of her argument is too conclusory to preserve appellate review.  *See Burke*, 935 F.3d at 1014 ("Cursory statements, without supporting analysis and case law are inadequate to preserve an issue." (internal quotation marks omitted)).  Ms. Donahue has therefore waived this portion of her argument by not adequately briefing it.  *See id.* ("[A]n appellant may waive an issue by inadequately briefing it.")

Ms. Donahue further asserts that she was only required to file a form petition and she should be allowed to amend her petition.  Ms. Donahue did file a motion for leave to amend her petition to add new parties—the District, Ms. Chappell and Mr. Allison.  The district court granted that motion.  Ms. Donahue never asked the court for leave to amend her petition to add additional claims.  Given these circumstances, there would be no reason for the court to sua sponte grant her leave to amend her petition when she made no request for that relief.

Ms. Donahue also refers to the local rule governing review of agency actions and argues that she was only required to file a simple petition.[7]  But the court did

---

[7] A petition for judicial review of agency action can be a simple petition.  *See* D. Kan. R. 83.7.1(a)(1).  But if Ms. Donahue was seeking to bring additional claims for relief other than a claim for judicial review, then she was required to file a pleading that contained "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. App. P. 8(a)(2).  Other than her request for a preliminary injunction, which has already been resolved, Ms. Donahue's petition did not set forth a short and plain statement of any other claim showing she was entitled to relief.  *See* R., Vol. I at 151-52.

11

consider her claim for judicial review under the IDEA consistent with Rule 83.7.1 of the local rules for the District of Kansas.

Finally, although not addressed in this section of her brief, Ms. Donahue argues that "the court incorrectly determined that 42 U.S.C. § 1983 and § 1985 claims are not allowed in relation to the administrative hearings under IDEA 2004, which are governed by the APA (1983 claims *are* permitted in APA cases)." Aplt. Br. at 17. First, we have already determined that the APA does not apply to Ms. Donahue's claim for judicial review of state agency action. Second, although Ms. Donahue's petition for review did reference §§ 1983 and 1985, other than the request for preliminary injunctive relief, the petition did not include any allegations about the individual respondents' conduct. *See* R., Vol. I at 151-52. To the extent Ms. Donahue was seeking relief under § 1983 for IDEA violations, the district court correctly determined that "§ 1983 is not a proper avenue for IDEA violations." R., Vol. I at 344 (citing *Padilla ex rel. Padilla v. Sch. Dist. No. 1 in City & Cty. of Denver*, 233 F.3d 1268, 1272 (10th Cir. 2000)). In *Padilla*, we explained that "§ 1983 may not be used to remedy IDEA violations." 233 F.3d at 1274. To the extent Ms. Donahue was seeking relief under § 1983 or § 1985 for non-IDEA violations, she failed to allege any facts to support those claims and therefore those claims were properly dismissed.

E. *Dismissal of Ms. Donahue's Minor Child and Denial of Motion to Appoint Counsel*

The district court determined that—to the extent Ms. Donahue sought to proceed on behalf of her minor child—she was not permitted to do so because she was proceeding pro se. As the court explained, "[a] pro se plaintiff may not represent another party—even her own child." R., Vol. I at 342 (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). The court therefore dismissed any claims on behalf of Ms. Donahue's minor child. The court also overruled Ms. Donahue's objection to the magistrate judge's denial of her motion for appointment of counsel.

Ms. Donahue asserts that she was "denied . . . the right to counsel." Aplt. Br. at 15. The district court explained that the magistrate judge "reasonably applied the factors of *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) and recognized there is no constitutional right to appointed counsel in civil actions." R., Vol. I at 343. *Long* identifies the factors courts should consider to determine if the denial of counsel would result in fundamental unfairness. 927 F.2d at 527. The district court concluded that "there is no indication that denial of counsel in this case would be fundamentally unfair." R., Vol. I at 343.

Without any citation to legal authority or the record, Ms. Donahue argues that it was fundamentally unfair to deny her motion to appoint counsel. She also argues—again without citation to legal authority—that "[u]nder federal law, the minor child is entitled to legal representation as part of due process, to understand the charges, to face the accusers, to have a day in court to answer for the alleged criminal

13

activity." Aplt. Br. at 15-16. We conclude Ms. Donahue waived her challenges to the dismissal of her minor child and the denial of her motion to appoint counsel by failing to adequately brief them. *See Burke*, 935 F.3d at 1014.

F. *Denial of Recusal Motion*

Ms. Donahue states that she "filed a motion for recusal for [J]udge O'[H]ara based on her family history with his previous law firm Shughart Thompson, and Kilroy." Aplt. Br. at 16. But she does not argue for reversal based on the allegations of bias involving her family and Judge O'Hara's law firm that she raised in her recusal motion; instead, she argues that allegations of bias against Judge O'Hara involving an unidentified complainant demonstrate he has a clear bias. *Compare* Supp. R. at 5-6 *with* Aplt. Br. at 16. But Ms. Donahue is raising this argument for the first time on appeal and "[w]e ordinarily deem arguments that litigants fail to present before the district court but then subsequently urge on appeal to be forfeited." *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259 (10th Cir. 2018). "Typically, such arguments 'may form a basis for *reversal* only if the appellant can satisfy the elements of the plain error standard of review.'" *Id.* (quoting *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011)). Ms. Donahue, however, did not argue for plain-error review of her new argument in her appellate brief and we have explained that "the failure to argue for plain error and its application on appeal— surely marks the end of the road for an argument for reversal not first presented to the district court." *Richison*, 634 F.3d at 1131. We therefore conclude that Ms. Donahue has effectively waived her new argument and we decline to review it at

14

all. *See Havens*, 897 F.3d at 1261. Consequently, we uphold the magistrate judge's denial of Ms. Donahue's recusal motion on the grounds stated in the order denying the motion.

G. *Judge Murguia investigation*

Ms. Donahue references a misconduct investigation involving Judge Murguia, who was the district court judge that presided over her case. She asserts that this investigation "presents a clear manifest conflict with the current case." *Id.* at 17. But the misconduct investigation was not related in any way to Ms. Donahue's case and does not provide a basis to reverse the district court's judgment.

III. <u>Conclusion</u>

For the foregoing reasons, we affirm the district court's judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge