# IN THE COURT OF APPEALS OF IOWA

No. 24-0919
Filed May 7, 2025

**DEREK STANFIELD,**
  Petitioner-Appellant,

**vs.**

**STATE OF IOWA DEPARTMENT OF PUBLIC DEFENSE,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

A state employee appeals the district court's dismissal of his petition for judicial review. **AFFIRMED.**

Mark T. Hedberg (argued) of Hedberg & Boulton, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, Eric H. Wessan, Solicitor General, and Breanne A. Stoltze and Ian Jongewaard (argued), Assistant Solicitors General, for appellee.

Heard at oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

Derek Stanfield appeals the district court's dismissal of his petition for judicial review for lack of subject matter jurisdiction. Stanfield requests we reverse the district court's order under the absurdity doctrine. Alternatively, he asks that we grant him leave to amend his petition to seek certiorari review of the agency's decision. Upon our review, we affirm.

## I.       Background Facts and Proceedings

In February 2023, Stanfield filed a State-employee grievance with the Iowa Department of Administrative Services (DAS) on behalf of himself and other Department of Public Defense Airport Firefighters. *See* Iowa Code § 8A.415(1) (2024); Iowa Admin. Code r. 11–61.1(1). Stanfield alleged the firefighters were being paid incorrect hourly rates. DAS denied the grievance at all three steps, finding Stanfield failed to timely file the grievance at "Step 1" of the grievance procedure. *See* Iowa Admin. Code r. 11–61.1(1)(a) (requiring the grievance to be initiated "within 14 calendar days following the day the grievant first became aware of, or should have through the exercise of reasonable diligence become aware of, the grievance issue"); *see also* Iowa Admin. Code r. 11–61.1(1)(b), (c).

Stanfield appealed to the Public Employment Relations Board (PERB). *See* Iowa Code § 8A.415(1)(b); Iowa Admin. Code rs. 11–61.1(1)(d), 11–61.2(5). The State moved to dismiss Stanfield's appeal, arguing Stanfield's initial grievance was untimely because it was filed more than fourteen days after he realized the difference in his pay.

The parties did not dispute the relevant facts. Specifically, they agreed Stanfield stopped receiving his prior salary payment in August 2021, when the

State implemented a new financial management system, Workday. The parties also agreed Stanfield was aware of his new hourly pay rate by September 2021, when he received his first paycheck following the transition to Workday. Stanfield filed his grievance on February 13, 2023.

Stanfield maintained the State's failure to pay him at the appropriate rate was a "continuing violation" and therefore his grievance was not untimely. An administrative law judge found his argument unpersuasive and entered a proposed decision granting the State's motion to dismiss, which PERB adopted.

Stanfield filed a petition for judicial review of PERB's decision.[1] The petition alleged, in relevant part:

> Relief from such action of the Respondent is based on the following grounds: the agency action is based upon on an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency, *see* Iowa Code section 17A.19(10)(c); the agency action is based upon an irrational, illogical, or wholly unjustifiable interpretation of a provision of law whose interpretation has clearly been vested by a provision of law in the discretion of the agency, *see* Iowa Code section 17A.19(10)(*l*); based upon an irrational, illogical, or wholly unjustifiable application of law to fact that has been clearly vested by a provision of law in the discretion of the agency, *see* Iowa Code section 17A.19(10)(m); and, the agency action is based upon a determination of fact clearly vested by a provision of law in the discretion of the agency that is not supported by substantial evidence in the record before the court when that record is viewed as a whole, *see* Iowa Code section 17A.19(10)(f).

---

[1] Stanfield named the "State of Iowa (Department of Public Defense)" and PERB as respondents. PERB filed a motion to dismiss, claiming it was "not an appropriate Respondent/party in the above captioned matter," citing Iowa Code section 20.34 ("Notwithstanding chapter 17A, in a petition for judicial review of a decision of the board in a contested case under this chapter, the opposing party shall be named the respondent, and the board shall not be named as a respondent."). Stanfield agreed, and PERB was dismissed from the action. Pursuant to legislation effective July 1, 2024, PERB no longer exists. *See* 2024 Iowa Acts 575.

The State filed a pre-answer motion to dismiss, claiming Stanfield's judicial-review petition "seek[s] relief that is not obtainable in this action." In support of its motion, the State cited Iowa Code section 20.18(2) ("Public employees of the state . . . shall follow grievance procedures established pursuant to chapter 8A . . . ."), section 8A.415(1)(b) ("Decisions by the . . . board constitute final agency action."), section 20.34 ("Judicial review of agency action by [PERB] under this chapter is not subject to chapter 17A."), and section 17A.19 ("Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action."). Stanfield resisted the motion.

Following an unreported hearing, the district court granted the State's motion. The court determined it lacked subject matter jurisdiction because PERB decisions are "exempt[ed] . . . from judicial review under Iowa Code chapter 17A." Stanfield appeals.

## II. Absurdity Doctrine

Stanfield challenges the district court's dismissal of his petition for judicial review. "Because this case reaches us on appeal from a pre-answer motion to dismiss, we accept as true all well-pleaded allegations of the petition. Our concern is with [Stanfield]'s access to the district court, not the merit of his allegations." *Chiavetta v. Iowa Bd. of Nursing*, 595 N.W.2d 799, 800 (Iowa 1999) (citations omitted). We are to affirm a dismissal only if the petition shows no right to relief under any state of facts. *Benskin, Inc. v. West Bank*, 952 N.W.2d 292, 298 (Iowa 2020).

Stanfield claims Iowa Code section 20.34 should not be applied to dismiss his case because, "under the absurdity doctrine," judicial review of PERB's final agency action under chapter 17A "should survive." "Under the absurdity doctrine, a court declines to follow the literal terms of the statute to avoid absurd results." *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 534 (Iowa 2017). The Iowa Supreme Court has instructed the absurdity doctrine "can be utilized, in rare cases, to overcome the plain meaning of the words of a statute. The doctrine, however, must be used sparingly and only in circumstances when the court is confident the legislature did not intend the result required by literal application of the statutory terms." *Id.* at 540.

The Iowa Administrative Procedure Act, Iowa Code chapter 17A, generally governs judicial review of agency decisions. *Env't L. & Pol'y Ctr. v. Iowa Utils. Bd.*, 989 N.W.2d 775, 781 (Iowa 2023). However, Chapter 17A is "meant to apply to . . . all suits for the judicial review of agency action *that are not specifically excluded from this chapter* . . . by its express terms or by the express terms of another chapter." Iowa Code § 17A.1(2) (emphasis added). Section 17A.19 further directs: "Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action." *See also id.* § 17A.23(2) ("This chapter shall also be construed to apply to all agencies *not expressly exempted by this chapter or by another statute specifically referring to this chapter by citation.*" (emphasis added)). As the State correctly points out, section 20.34 is "such a statute."

The purpose of PERB was "to implement the provisions of [Iowa Code chapter 20] and adjudicate and conciliate employment-related cases involving the state of Iowa and other public employers," which includes "[a]djudicating and serving as arbitrators regarding state merit system grievances." *Id.* § 20.1(2)(d). According to section 20.34, "[j]udicial review of agency action by [PERB] under this chapter is not subject to chapter 17A." In other words, section 20.34 "expressly exempted" PERB's decision on Stanfield's grievance from chapter 17A judicial review. *See id.* § 17A.23(2); *Lewis Cent. Educ. Ass'n v. Iowa Bd. of Educ. Exam'rs*, 625 N.W.2d 687, 691 (Iowa 2001) ("[Chapter 17A] recognizes the legislature may, by statute, make agency action unreviewable. However, our act requires that such a statute expressly exempt an agency decision from review and requires a reference in the statute to the Iowa Administrative Procedure Act."). It is not uncommon for the legislature to exempt agency actions from 17A review. *See generally, e.g.*, Iowa Code §§ 252C.4(6) ("Actions initiated by the department under this chapter are not subject to chapter 17A . . . ."), 252I.8(1) ("Actions initiated by child support services under this chapter are not subject to chapter 17A . . . ."). *But see Polk Cnty. v. Iowa State Appeal Bd.*, 330 N.W.2d 267, 276 (Iowa 1983) (finding a State Appeal Board decision was presumptively reviewable under Chapter 17A where not "specifically exempted" by statute).

To be clear, Stanfield properly followed the State-employee "grievance procedures established pursuant to chapter 8A." *Id.* § 20.18(2). As noted above, that procedure included three steps, which ended with DAS denying his grievance. *See* Iowa Admin. Code r. 11–61.1(1)(a)–(c). Because Stanfield was "not satisfied" with the decision obtained from the third step, he filed an appeal with PERB in

accordance with Iowa Administrative Code rules 11–61.1(1)(d) and 61.2(5).  *See* Iowa Code § 8A.415(1)(b).  The State moved to dismiss Stanfield's appeal.  An administrative law judge entered a proposed decision granting the State's motion to dismiss, which PERB adopted.  PERB's decision "constitute[d] final agency action" on Stanfield's grievance.  *See id.*  Such action was "not subject to chapter 17A."  *Id.* § 20.34.  In accordance with section 20.34, the district court dismissed Stanfield's petition "for lack of subject matter jurisdiction due to the Legislature explicitly exempting PERB decisions from judicial review under Iowa Code chapter 17A."

Upon our review, we find the language of section 20.34 does not produce absurd consequences, particularly when considering the coinciding provisions in chapter 17A allowing for express exemptions "referring to [chapter 17A] by name." *See id.* § 17A.19; *see also Vance v. Iowa Dist. Ct. for Floyd Cnty.*, 907 N.W.2d 473, 477–78 (Iowa 2018) (interpreting relating statutes "to coincide" "to avoid absurd results"); *State v. Nail*, 743 N.W.2d 535, 540–41 (Iowa 2007) ("[W]e necessarily operate on the objective assumption that the legislature strives to create a symmetrical and harmonious system of laws" and may interpret statutes "by reference to other similar statutes or other statutes related to the same subject matter.").

To find the statute absurd, "the express language must produce a result that is demonstrably at odds with the intention of the legislature." *In re J.C.*, 857 N.W.2d 495, 503 (Iowa 2014) (cleaned up).  We do not reach that conclusion here.  *See Brakke*, 897 N.W.2d at 540–41 ("After reviewing the record in this case, one does not emerge thinking, 'Oh my gosh, that can't be!' when considering the plain

legislative language."). Rather, based on the plain language of the statute, the legislature's intent was to render judicial review under 17A unavailable.

Stanfield also argues we should employ the concept of "circular ambiguity" to find section 20.34 produces absurd "half measure" results. But as the supreme court has observed, "In cases where we employ circular ambiguity, we are really applying the true absurdity doctrine, namely, overriding the text of a statute to avoid an intolerable result . . . ." *Brakke*, 897 N.W.2d at 538. Here, however, we do not find that a literal construction of section 20.34 "would produce an absurd and unjust result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act." *Id.* at 540 (quoting *The Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 427 (Iowa 2010)); *cf. In re Guardianship of Norelius*, No. 18-1273, 2020 WL 402048, at *3 (Iowa Ct. App. Jan. 23, 2020) (rejecting the appellants' requested "reading of the statute [to] allow for taxing all attorney fees against the ward or estate, regardless of whether they were reasonable or usual and necessary," and noting "the legislature did not intend section 633.551(5) to allow for an assessment of attorney fees in excess of reasonableness").

The first sentence of section 20.34 instructs that "[n]otwithstanding chapter 17A, in a petition for judicial review of a decision of [PERB] in a contested case under this chapter, the opposing party shall be named the respondent, and the board shall not be named as a respondent." This sentence is specific to contested cases, for example, an appeal of a position classification decision. *See* Iowa Admin Code r. 11–61.2(1)(a) ("Appeal of a position classification decision shall be in accordance with . . . the contested case provisions of Iowa Code chapter 17A.").

In contrast, a grievance appeal decision is specifically "not a contested case." *See* Iowa Admin Code r. 11–61.1 ("The grievance procedure is an informal process. It is not a contested case."). Rather, such an appeal decision "constitute[s] final agency action," Iowa Code § 8A.415(1)(b), which is covered under the second sentence of section 20.34—"[j]udicial review of agency action by the board under this chapter is not subject to chapter 17A," *id.* § 20.34; *see also* Iowa Admin Code r. 11–61.2(5) (stating "decisions by [PERB] constitute final agency action," with limited exceptions not applicable here); *Petro v. Davenport C.R. Comm'n*, No. 21-0956, 2022 WL 1234189, at *2–3 (Iowa Ct. App. Apr. 27, 2022) (distinguishing judicial-review procedure in contested case proceedings from other agency actions by the Iowa Civil Rights Commission).

Considering the meaning of section 20.34, "[t]here does not seem to be a lot of ambiguity here." *Brakke*, 897 N.W.2d at 540; *see also Carreras v. Iowa Dep't of Transp.*, 977 N.W.2d 438, 446 (Iowa 2022) ("The first step in our statutory interpretation analysis is to determine whether the statute is ambiguous. Our inquiry ends with the plain language if the statute is unambiguous." (citations omitted)). We therefore conclude it "should be read according to its ordinary meaning," and we decline to reverse the district court's decision under the absurdity doctrine. *See Brakke*, 897 N.W.2d at 541.

Finally, Stanfield contends the "carveout" of section 20.34 from chapter 17A "does not preclude absurdity" because "recourse is otherwise unavailable" and it

is "unreasonable to deny the injured an opportunity to seek redress."[2]  But the fact that the legislature could have allowed chapter 17A judicial review of grievance appeal decisions "does not make the grant of limited [review] the legislature gave to the [grievants like Stanfield] absurd.  Our task is to interpret the statute, not improve it."  *Id.*; *see generally Tripp v. Scott Emergency Commc'n Ctr.*, 977 N.W.2d 459, 468 (Iowa 2022) (declining to "presume [the court] needs to cure some perceived legislative inattention" in the worker's compensation system).

For these reasons, we decline to apply the absurdity doctrine to reverse the court's decision.

## III.     Leave to Amend

Stanfield alternatively claims the district court erred by failing to grant him leave to amend his petition to seek certiorari review of PERB's decision.  Stanfield raised this issue before the court in April 2024, in his resistance to the State's motion to dismiss.  Specifically, Stanfield requested "dismissal [of his judicial-review petition] be denied or in the alternative that [he] be allowed to amend his petition to include a claim for certiorari."

"A party may commence a certiorari action when authorized by statute or when the party claims an inferior tribunal, board, or officer, exercising judicial functions, or a judicial magistrate exceeded proper jurisdiction or otherwise acted illegally."  Iowa R. Civ. P. 1.1401.  Iowa Rule of Civil Procedure 1.402(4) provides the requirements to amend a pleading.  It states:

---

[2] We note that Stanfield acknowledges section 20.34 "does not mean that final agency decisions by PERB are completely unreviewable," because judicial review of PERB decisions is allowed, "just not through the structures of Chapter 17A."

> A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires.

Iowa R. Civ. P. 1.402(4).

The State replied to Stanfield's resistance, noting Stanfield "has already voluntarily dismissed the inferior board, PERB." The State maintained, "Because of [Stanfield]'s voluntary dismissal," the court no longer had jurisdiction over PERB.

Indeed, the month prior, Stanfield joined PERB's motion to dismiss PERB as a "Respondent/party in the above captioned matter." PERB was dismissed from the case. The district court did not enter a formal order dismissing PERB, and the April 19 hearing at which PERB's motion was heard was unreported. But in a subsequent order granting PERB's counsel's motion to withdraw, the court noted in part:

> On March 18, 2024, [PERB's counsel] Ms. Steuterman entered a limited appearance in this matter for the purpose of representing PERB on its motion to dismiss based upon Iowa Code section 20.34, also filed on March 18, 2024. [Stanfield] joined in PERB's motion.
> On the record at the hearing held on April 19, 2024, the court granted the motion, as [Stanfield] had joined in same. The court followed that with a confirming Order entered May 15, 2024.

The district court's order granting the State's motion to dismiss Stanfield's petition was also entered on May 15. The court did not discuss Stanfield's request for leave to amend when it entered the order dismissing his petition.

The district court "has considerable discretion in granting or denying a motion for leave to amend; we will reverse only when a clear abuse of discretion

is shown." *Reyes v. Int'l Van Lines, Inc.*, 9 N.W.3d 793, 797 (Iowa Ct. App. 2024) (quoting *Porter v. Good Eavespouting*, 505 N.W.2d 178, 180 (Iowa 1993)). An abuse of discretion occurs when the court "exercises its discretion 'on grounds clearly untenable, or to an extent, clearly unreasonable.'" *In re Est. of Roethler*, 801 N.W.2d 833, 837 (Iowa 2011) (citation omitted).

"Our real inquiry in reviewing a trial court's ruling on a motion to amend is whether the ruling lacks a solid legal basis." *Neylan v. Moser*, 400 N.W.2d 538, 543 (Iowa 1987). "A contingent request for leave to amend with a resistance to a motion to dismiss is permissible and allows courts to provide leave to amend as an alternative form of relief." *Meade v. Christie*, 974 N.W.2d 770, 780 (Iowa 2022). Here, however, upon Stanfield's voluntary joinder to PERB's motion to dismiss, PERB was no longer a party to the case.[3] Accordingly, the court did not abuse its discretion in declining Stanfield's request for leave to amend his petition to seek certiorari review of PERB's decision.

We affirm the district court's dismissal of Stanfield's petition for judicial review.

**AFFIRMED.**

---

[3] In an order filed August 30, 2024, the supreme court reiterated, "PERB was dismissed from the action with the consent of the petitioner and is no longer a party."