Robert DUNN, June Tenhagen, David Van Patten, Raymond E. Phillips, Jr., Steve Klinefelter, Peg Klinefelter, William Don Harbert, Jim Shelley, Emmy Shelley, Wayne Jones, Jo Jones, Bruce Strain, Debbie Cunningham, Car Cunningham, Warren County, Iowa, and The Iowa Rural Rights Association, et al., Appellants,

v.

CITY DEVELOPMENT BOARD OF the STATE OF IOWA, Appellee.

No. 99–0579.

Supreme Court of Iowa.

March 21, 2001.

James E. Van Werden and Alexander R. Rhoads of Van Werden & Hefner, Adel, for appellants individual petitioners and Iowa Rural Rights Association.

Robert H. Freilich of Freilich, Leitner & Carlisle, Kansas City, MO, and Kevin Parker, County Attorney, for appellant Warren County, Iowa.

Thomas J. Miller, Attorney General, Cristina Kuhn and Christie J. Scase, Assistant Attorneys General, for appellee State.

Mark Godwin, Deputy City Attorney, and Roger K. Brown, Assistant City Attorney, Des Moines, for intervenor City of Des Moines.

LARSON, Justice.

When the City of Des Moines filed a petition with the City Development Board to involuntarily annex land adjoining the city, a group of objectors attempted to have the petition dismissed for lack of an accurate legal description. The board refused to dismiss the petition, and the objectors, petitioners in this action, sought judicial review in the district court. The district court dismissed the petition as premature, and this appeal followed. We affirm.

## I.  Facts and Prior Proceedings.[1]

In June 1998 the City of Des Moines (city) filed with the City Development Board (board) a petition for the involuntary annexation of approximately fifteen square miles of land. In August 1998 Warren County, the Iowa Rural Rights Association, and several property owners filed motions to dismiss the city's annexation petition on the basis of several alleged defects in the petition, including a defective legal description. The individual petitioners are citizens of Warren County residing within the annexation area. They are also members of the Iowa Rural Rights Association, a citizen organization comprised of persons "who are interested in the protection and preservation of rural areas in the State of Iowa." Warren County, also a petitioner, is the county in which a substantial portion of the area is located. The City Development Board is the administrative board established to exercise administrative jurisdiction over annexation petitions. *See* Iowa Code section 368.9 (1997).

At the same time petitioners were preparing to file their motion to dismiss, the city realized the legal description was defective, and on August 5, 1998, the city filed a motion to amend the petition. The annexation opponents resisted the motion to amend on the ground the board lacked authority to grant an amendment with regard to the boundaries of an involuntary annexation petition, that the city had no authority to seek a boundary amendment, and the board had no authority itself to amend the boundaries. The board denied the petitioners' motion to dismiss and accepted the petition as it was originally submitted.

On October 9, 1998, the petitioners filed a petition for writ of certiorari in the Warren County District Court, challenging the board's decision to accept the annexation petition. The board filed a motion to dismiss the certiorari action. The city also filed motions to intervene and to dismiss.

---

1. The City of Des Moines objects to much of the petitioners' statement of facts because the full record was not forwarded to the district court in the judicial review proceedings. The board states in its brief: "An agency record was never transferred to the district court. The Board does not contest that the materials cited by the Petitioners in the appendix were part of the agency record." Even when we consider the record as stated by the petitioners, we conclude the petitioners are not entitled to prevail, so the scope of the record is not a critical issue.

On November 6, 1998, the petitioners filed a petition for judicial review of the board's decision, requesting injunctive relief, a declaratory judgment, and writs of certiorari and prohibition. The board moved to dismiss the petition, alleging the court lacked jurisdiction to review the board's decision to accept the city's annexation petition. The board contended its action in accepting the city's annexation petition was only a preliminary decision, and intermediate or interlocutory review of such agency action was not allowable. On March 9, 1999, the district court granted the board's motion to dismiss. The petitioners filed a notice of appeal, and on May 17, 1999, this court entered an order directing the issue on appeal be "limited to the correctness of the district court's determination that the petition for judicial review was premature due to a failure to show an exhaustion-of-remedies requirement."

## II. *The Issue.*

The petitioners contend the annexation petition was defective on several grounds: the legal description was inaccurate, the proposed annexation would bisect platted subdivision lots, the petition failed to include formal agreements required by Iowa Code chapter 368, and it would create "islands" in the annexation area, all contrary to chapter 368. The city and board respond that these alleged defects were nonexistent, insignificant, or correctable in later annexation proceedings. In any event, the petitioners' remedy must be sought through traditional appeal procedures under our administrative procedure act, Iowa Code chapter 17A. To allow unsuccessful parties in administrative proceedings to appeal every decision by the agency would frustrate the orderly process of judicial review, according to them.

The issue before us is not whether the petition was fatally defective in any of the particulars claimed or whether there is any merit to the annexation petition itself. The issue is simply whether at the stage of the board's acceptance of the petition the district court could obtain subject matter jurisdiction in a judicial review proceeding. For the reasons that follow, we conclude the petition for judicial review was premature.

## III. *The Annexation Statute.*

Iowa Code chapter 368 governs annexation proceedings and establishes procedures for city development and annexation matters. The board is established by Iowa Code section 368.9, and the procedures for annexation, both voluntary and involuntary, are established by other sections of chapter 368.

Proceedings for *involuntary* annexation are established by Iowa Code sections 368.11 and following. A petition for involuntary annexation may be filed with the board by persons or entities such as cities or boards of supervisors in the area to be annexed. Iowa Code section 368.11 requires notice before filing the petition:

At least ten days before a petition for involuntary annexation is filed as provided in this section, the petitioner shall make its intention known by sending a letter of intent by certified mail to the council of each city whose urbanized area contains a portion of the territory, the board of supervisors of each county which contains a portion of the territory, the regional planning authority of the territory involved, each affected public utility, and to each property owner listed in the petition. The written notification shall include notice that the petitioners shall hold a public meeting on the petition for involuntary annexation prior to the filing of the petition.

Also, under section 368.11,

[b]efore a petition for involuntary annexation may be filed, the petitioner

shall hold a public meeting on the petition. Notice of the meeting shall be published in an official county newspaper in each county which contains a part of the territory at least five days before the date of the public meeting. The mayor of the city proposing to annex the area, or that person's designee, shall serve as chairperson of the public meeting. The city clerk of the same city or the city clerk's designee shall record the proceedings of the public meeting. Any person attending the meeting may submit written comments and may be heard on the petition. The minutes of the public meeting and all documents submitted at the public meeting shall be forwarded to the board by the chairperson of the meeting.

It is only at the point at which these documents are forwarded to the board that the board becomes involved in the annexation process. At that point, the board has two choices: (1) it may dismiss the petition under section 368.12 because it "does not meet the requirements of this chapter" or a similar proposal has been rejected within the past two years; or (2) if the board does not dismiss the petition, it is to proceed with the next step: directing "the appointment of local representatives to serve with board members as a committee to consider the proposal." Iowa Code § 368.14. (This committee is not given a name in the statute, and parties to this appeal simply call it "the committee.") The committee is to be made up of the members of the board and representatives of affected cities and counties. *Id.* In this case, the board elected not to dismiss the petition but rather take the next step by directing the appointment of the committee members.

Under section 368.15, "[t]he committee shall conduct a public hearing on a proposal as soon as practicable," serving notice of a hearing to the city council, boards of supervisors, and regional planning authorities affected. In addition, under section 368.15, the committee is to publish notice "which includes a brief description of the proposal and a statement of where the petition or plan is available for public inspection." Section 368.15 then provides:

> Any person may submit written briefs, and in the *committee*'s discretion, may be heard on the proposal. The *board* may subpoena witnesses and documents relevant to their proposal.

(Emphasis added.) After the published notice and hearing, the authority of the committee is closely circumscribed. Section 368.16 provides that "[s]ubject to section 368.17 [specific grounds that will bar approval], the committee *shall* approve any proposal which it finds to be in the public interest." (Emphasis added.)

Iowa Code section 368.18, an amendment provision, is the subject of disagreement among the parties. The argument is whether this provision authorizes the committee to amend a petition by correcting the legal description. This section provides:

> The committee may amend the petition or plan. If a petition or plan is substantially amended, the committee shall continue the hearing to a later date and serve and publish a notice describing the amended petition or plan, as required in section 368.15.

The board and city contend this section allows the committee to amend any defect in the petition, including the legal description, so when the board refused to allow the city's amendment, it was not a final decision as to the description.

After the final hearing,

> [t]he *committee* shall approve or disapprove the petition or plan as amended, within ninety days of the final hearing, and shall file its decision for record and promptly notify the parties to the proceeding of its decision. If a petition or

plan is approved, the *board* shall set a date not less than thirty days nor more than ninety days after approval for a special election on the proposal....

Iowa Code § 368.19 (emphasis added). After the commissioner of elections certifies the result of the election, the *board* serves and publishes notice of the results and files copies of the proceedings with the Secretary of State and various local entities. Iowa Code § 368.20.

## IV. *The Right to Appeal.*

■ To determine whether the appeal to the district court was proper, we look to the provisions of Iowa Code sections 368.22 and 17A.19. Under Iowa Code section 17A.19(1), the administrative decision must be final, and an aggrieved party must have exhausted all available administrative remedies before obtaining judicial review. The petitioners argue the *board*'s decision to accept a "defective" petition is a final decision for judicial review purposes. Further, they claim they have no adequate administrative remedy because the *committee* cannot amend the legal description.

The board and city respond that, regardless of the merits of the petitioners' claim of fatal defects in the petition, that claim is not ripe for judicial review because the petitioners have failed to satisfy the finality and exhaustion requirements of section 17A.19(1).

The appeal process under chapter 368 appears in the first unnumbered paragraph of section 368.22:

> A city, or a resident or property owner in the territory or city involved may appeal a decision of the board or committee, or the legality of an election, to the district court of a county which contains a portion of any city or territory involved.

The fourth unnumbered paragraph of section 368.22 provides:

The judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action.... The court may reverse and remand a decision of the board or a committee, with appropriate directions. The following portions of section 17A.19 are not applicable to this chapter:

> 1. The part of subsection 2 which relates to where proceedings for judicial review shall be instituted.
>
> 2. Subsection 5 [relating to stays].
>
> 3. Subsection 8 [relating to hearing procedures].

The petitioners concede that, ordinarily, Iowa Code section 17A.19(1) requires both a final agency decision and a showing the appealing party has exhausted all administrative remedies. While they acknowledge this general rule, they argue (1) the board is a separate legal entity from the committee, and section 368.22 allows immediate judicial review of the board's decision; and (2) the exhaustion requirement does not bar their appeal as they have no adequate administrative remedy because the committee cannot amend a legal description. Also, they claim section 368.22 does not "expressly or impliedly require that administrative remedies be exhausted before resort to the [c]ourts," and public policy considerations favor granting judicial review at this stage.

We believe the statutory scheme of chapter 368 is clear: the functions of the board and committee are intertwined, and their decision-making functions cannot be compartmentalized for judicial review purposes. The board retains considerable responsibility and authority even after the appointment of the committee. For example, once the committee becomes involved, the *committee* is to conduct a public hearing and publish notice. However, it is the

*board* that issues any subpoenas for witnesses or documents. Iowa Code § 368.15. If the *committee* approves the petition, the *board* sets a date for a special election. Iowa Code § 368.19.

■ In determining if agency action is final the question is "whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797, 112 S.Ct. 2767, 2773, 120 L.Ed.2d 636, 648 (1992) (applying federal administrative procedure act). It is clear from Iowa Code chapter 368 that the action of a board in not dismissing an involuntary petition for annexation and appointing a committee is only a preliminary step in an annexation proceeding. It is not a "final" decision for judicial review purposes, and petitioners must exhaust the remedies and procedures available through the entire annexation process. Section 368.22 does not create an immediate right to judicial review, rather it merely requires that a final decision of the board or the committee be appealed within thirty days to the district court of a county that contains a portion of any city or territory involved. It is equally clear Iowa Code section 368.22 supersedes section 17A.19 only as to those specific portions of section 17A.19 identified in section 368.22 and not the exhaustion-of-remedies requirement of section 17A.19(1).

As to the exhaustion requirement of section 17A.19(1), the petitioners have means of challenging the annexation within the processes of chapter 368. They may attack the merits of the proposal by appearing at the mandatory public hearing and furnishing briefs in support of their position prior to the time any petition is approved. The committee may, under section 368.18, remedy defects in the petition's legal description. Eventually, if the committee approves the petition, an elec-

tion must be held, and the plaintiffs will have an opportunity to attack the proposal at that level. If the petitioners fail to obtain relief through the administrative proceeding they will then have the right to seek judicial review.

We agree with the district court that the plaintiffs have not established their right to judicial review because they have not satisfied the finality or exhaustion requirements of Iowa Code section 17A.19(1), which remain unmodified by section 368.22.

## V. *The Constitutional Issues.*

The petitioners challenge chapter 368 on the ground it is an unconstitutional delegation of legislative authority to an administrative agency. The determination of annexation boundaries is a legislative function, and if the board or commission amends a description, it amounts to an unconstitutional infringement on the powers of the city council, according to the petitioners. They cite *State ex rel. Klise v. Town of Riverdale*, 244 Iowa 423, 57 N.W.2d 63 (1953), in which we said:

The incorporation of a municipality is purely a legislative function. The power to create municipalities cannot be delegated to the judicial branch of government. The power to extend the boundaries of a municipality is an exercise of the power to create a municipality and is within the exclusive power of the legislative branch of government.

*Klise*, 244 Iowa at 428, 57 N.W.2d at 66. *Klise* held that a statute effectively delegating annexation decisions to the courts was unconstitutional. *Id.* at 441–42, 57 N.W.2d at 74.

■ *Klise* predated home rule and chapter 368, which specifically give the board and committee the power to make decisions on annexation issues. In a case decided after *Klise*, *Polk County v. Iowa*

*State Appeal Board,* 330 N.W.2d 267 (Iowa 1983), we discussed a delegation issue analogous to the present one and made two points that are relevant here:

> It is a well-settled principle that statutes are presumed to be constitutional. Additionally, Iowa is among the states which have relaxed the formerly strict requirements of delegation.
>
> The test—not always easy to apply—is whether such delegation is a reasonable one permitting the administrative body only to "fill in the details" to accomplish a general purpose or policy announced by the legislature itself or whether it abdicates to the administrative body the right to legislate.
>
> . . . .
>
> ... [T]he presence or absence of procedural safeguards is important in determining whether this delegation is reasonable.

*Id.* at 273–74 (citation omitted) (quoting *Elk Run Tel. Co. v. Gen. Tel. Co.,* 160 N.W.2d 311, 316–17 (Iowa 1968)).

While we believe the principles just discussed tend to diminish the strength of the petitioners' constitutional argument, we do not address that issue. That issue, as well as those previously discussed, are premature in the procedural posture of this case. The petitioners must await the conclusion of administrative proceedings and, if not satisfied, seek judicial review on all of their claims at that time.

**AFFIRMED.**