# IN THE SUPREME COURT OF IOWA

No. 19–0759

Submitted March 23, 2021—Filed April 16, 2021

**JOHN C. MAREK, JR., JOELLE C. MAREK, JASON D. MOATS, AMBER F. MOATS, LEMAR D. FENTON, KIMBERLY R. FENTON, BEN B. JOHNSON, MARY P. JOHNSON, SCOTT M. PFEIFFER, DONNA J. PRESTON, ANDREW GRIESER, JESSE J. MULLIN, AMANDA M. MULLIN, SCOTT E. CHRISTOFFERSON, CANDY S. CHRISTOFFERSON, CLIFFORD A. MATHER, WENDY L. MATHER, PHILLIP C. BUFFINGTON, ROBYN B. BUFFINGTON, COREY S. STROTHMAN, SAMANTHA STROTHMAN,** and **PRAIRIE AG REAL ESTATE HOLDINGS, LLC,**

      Appellees/Cross-Appellants,

vs.

**DAN JOHNSON** and **LINDA JOHNSON,**

      Appellants,

and

**THE CITY DEVELOPMENT BOARD OF THE STATE OF IOWA** and **HENRY COUNTY, IOWA,**

      Cross-Appellee.

---

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Henry County, John M. Wright, Judge.


The City Development Board seeks further review of a court of appeals decision reinstating a declaratory judgment action brought by former residents and property owners of a discontinued city against the board. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF DISTRICT COURT AFFIRMED.**

Mansfield, J., delivered the opinion of the court, in which all justices joined.

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellants.

Steven E. Ort of Bell, Ort & Liechty, New London, for appellees/cross-appellants.

Thomas J. Miller, Attorney General, and Emily Willits and Alan Nagel, Assistant Attorneys General, for cross-appellee City Development Board.

**MANSFIELD, Justice.**

This case arises out of the discontinuance of the City of Mt. Union. There was a certain irony in the name of this municipality. The "city" had only 107 people; there was no "mountain"; and, as this case reveals, there was not much "union" in this divided community.

After the city had been discontinued, two of its former residents—Dan and Linda Johnson—obtained a default judgment against the city for defamation. They presented it for payment to the City Development Board, a state agency that supervises the discontinuance of cities pursuant to Iowa Code section 368.21. The Board decided it had to recognize the default judgment and approved it as a valid administrative claim. A group of twenty-two other former residents and property owners petitioned for judicial review of the Board's decision. Meanwhile, they also filed the present lawsuit seeking a declaratory judgment and naming both the Johnsons and the Board as defendants.

In the declaratory judgment action, the district court granted summary judgment for the plaintiffs and against the Johnsons, determining that the Johnsons' default judgment was invalid because it had been obtained against an entity that no longer existed. However, the district court dismissed the plaintiffs' claim against the Board, holding that a petition for judicial review under Iowa Code chapter 17A was the plaintiffs' exclusive remedy against the Board.

Following an appeal and a cross-appeal, the court of appeals affirmed the summary judgment against the Johnsons, but in a 2–1 decision reversed the dismissal of the Board.

On the Board's application for further review, we must now decide whether there are other avenues for judicial review of the Board's actions in addition to Iowa Code chapter 17A. We conclude there are not. Section

368.22 has express language making chapter 17A "the exclusive means" of review. *See* Iowa Code § 368.22(2) (2018). Accordingly, we enforce that language as written, we affirm the district court's judgment, and we affirm in part and vacate in part the decision of the court of appeals.

## I. Facts and Procedural History.

The procedural history of this matter is a bit complicated and spans three separate actions: (1) a defamation case filed by the Johnsons against the city in the Henry County District Court; (2) an administrative proceeding before the Board relating to the discontinuance of the city, followed by a petition for judicial review of the Board's action, also filed in Henry County; and (3) the declaratory judgment action that is the subject of this appeal, also filed in Henry County.

On February 24, 2016, the Johnsons—who are brother and sister— filed a petition at law against the city for defamation (No. LALA011869). It was served on the city on April 24.

On May 30, the city formally adopted a resolution to discontinue the city's existence. This began the process by which the city could discontinue and become an unincorporated part of Henry County. Iowa Code § 368.3(2).

A petition was filed with the city clerk, which under Iowa law triggered a special election on the question of discontinuance. *Id.* The election was held November 8, and discontinuance was narrowly approved by a 32–31 vote.

Iowa law provides that at this stage, the Board "shall take control of the property of the discontinued city and shall supervise procedures necessary to carry out the discontinuance in accordance with [Iowa Code] section 368.21." *Id.* Thus, on February 21, 2017, the Board issued a

public notice to the city, the county, and various state agencies that it would consider the discontinuance of the city at its March 8 meeting.

Back in the Johnsons' defamation case, on February 22, 2017, the city's counsel filed an application to withdraw as counsel for the city and a separate motion to substitute under which the Board would replace the soon-to-be-discontinued city as defendant. The Board, however, resisted the motion to substitute. In the meantime, trial of the defamation case was continued to December 5.

The Board held its previously announced meeting on March 8. Two days later, the Board entered an order formally discontinuing the city. Iowa Code section 368.21 provides,

> [I]n the case of a discontinuance, the board shall publish two notices . . . that it will receive and adjudicate claims against the discontinued city for a period of six months from the date of last notice, and shall cause necessary taxes to be levied against the property within the discontinued city to pay claims allowed.

Thus, the Board's March 10 order explained that "there will be a six-month period within which all claims shall be adjudicated." As required by section 368.21, the notices to file claims with the Board were published.

Meanwhile, back in the defamation lawsuit, on March 13, the district court granted the motion to withdraw filed by the city's counsel but denied the motion to substitute the Board as defendant. In its order, the court explained why it was denying the motion to substitute: "Any claim for money damages Dan and Linda Johnson have against the former City of Mt. Union must be filed as a claim pursuant to Iowa Code Section 368.21. Such claim would be resolved through an administrative process."

On September 11, each of the Johnsons filed an administrative claim with the Board for damages. However, before those claims were heard, the Johnsons also appeared with their counsel at the previously

scheduled December 5 trial date in the defamation case (No. LALA011869). No one appeared for the city. The district court heard testimony from the Johnsons regarding the alleged defamation, which apparently consisted of statements in a public forum that the Johnsons were stealing from the city in various ways. It then entered a default judgment against the city of $70,000 in favor of Dan Johnson and $35,000 in favor of Linda Johnson. The court's order did not mention that the city had been discontinued or make note of the court's prior March 13 ruling indicating that the Johnsons needed to proceed administratively.[1]

On December 8, the Board issued a public notice stating that its meeting to consider payment of contested claims against the city would be held on January 10, 2018. Thereafter, on December 19 a group of twenty-one former city residents and property owners led by John C. Marek, Jr. (Marek Group), lodged a formal objection with the Board to the payment of the Johnsons' claims. They had a financial interest in the matter because of the statutory requirement that the Board "cause necessary taxes to be levied against the property within the discontinued city to pay claims allowed." *Id.*

Following a hearing on January 10, 2018, the Board determined that it had no choice but to recognize the previously entered default judgment in the court case (No. LALA011869). Accordingly, it allowed the Johnsons' claims in the total amount of $105,000 ($70,000 plus $35,000). The Marek Group then filed a petition for judicial review pursuant to Iowa Code section 17A.19 (No. CVEQ006111).

---

[1]The judge who presided over the December 5 default judgment hearing was not the same judge who had ruled on the motion to withdraw and the motion to substitute on March 13.

Significantly, for purposes of the present appeal, the Marek Group also filed a separate declaratory judgment action (No. CVEQ006115) naming both the Johnsons and the Board as defendants. Therein, they sought a declaration that the default judgment in the defamation case (No. LALA011869) was invalid, a declaration that the Board was not bound by that judgment, and a declaration that Iowa Code sections 368.21 and 368.22 as applied by the Board violated federal and state due process. The Marek Group further asked that their declaratory judgment action (No. CVEQ006115) be consolidated with their petition for judicial review (No. CVEQ006111).

Both the Board and the Johnsons moved to dismiss the declaratory judgment petition. On July 10, the district court granted the Board's motion, reasoning that judicial review under Iowa Code section 368.22 and chapter 17A was the Marek Group's exclusive remedy for a Board decision they disagreed with. *See* Iowa Code § 368.22 ("The judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action."). However, it denied the Johnsons' motion.

Later, on April 10, 2019, the district court entered summary judgment in favor of the Marek Group and against the Johnsons, holding that the court had lacked jurisdiction to enter the December 7, 2017 default judgment in the defamation case. By December 2017, as the court put it, "There was no City and no successor in interest against which a judgment could be entered."

The Johnsons appealed and the Marek Group cross-appealed. The Johnsons argued that the summary judgment should not have been entered declaring their default judgment against the city invalid. On cross-

appeal, the Marek Group argued that the Board's motion to dismiss their claims against the Board should not have been granted. We transferred the case to the court of appeals.

The court of appeals panel unanimously rejected the Johnsons' appeal and affirmed the summary judgment that determined the $105,000 default judgment was void. However, the panel divided on the Marek Group's cross-appeal. The majority sustained the cross-appeal, concluding that the exclusivity provided by Iowa Code section 368.22 was limited to those forms of judicial review that section 368.22 allowed for. In other words, the Marek Group could bring a separate action challenging the Board's actions so long as it was asserting grounds not permitted by section 368.22. The dissent disagreed and argued that the "exclusive means" language was dispositive.

We granted the Board's application for further review.[2]

## II. Standard of Review.

"We review the district court's grant of a motion to dismiss a petition for correction of errors at law." *Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 640 (Iowa 2013).

## III. Legal Analysis.

Iowa Code section 368.22 provides in part,

> 2. The judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action. The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. The court may

---

[2]The Johnsons did not seek further review and thus we will not be addressing that portion of the case. *See In re H.S.*, 805 N.W.2d 737, 743–44 (Iowa 2011) (discussing limitations on our ability to grant relief to parties who did not seek further review).

reverse and remand a decision of the board or a committee, with appropriate directions.

3. The following portions of section 17A.19 are not applicable to this chapter:

*a.* The part of subsection 2 which relates to where proceedings for judicial review shall be instituted.

*b.* Subsection 5.

*c.* Subsection 8.

*d.* Subsection 9.

*e.* Subsection 10.

*f.* Subsection 11.

The foregoing language is clear. A judicial review proceeding under this section and chapter 17A is "the exclusive means" to challenge a Board action in court. *Id.* § 368.22(2). Direct actions for declaratory relief are therefore not allowed. The rest of section 368.22(2) and section 368.22(3) goes on to customize the judicial review proceeding, so that not everything in section 17A.19 applies. However, none of that additional verbiage detracts from the original exclusivity language. If the further sentences were supposed to be qualifying, where would we find the words of qualification? Section 368.22 does not hedge on the subject of exclusivity.

Furthermore, section 368.22 is bolstered by section 17A.19 itself. The opening sentence of section 17A.19 states,

> Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action.

*Id.* § 17A.19. Thus, according to section 17A.19 itself, any exclusivity exception must be "expressly" stated, not merely implied.

Despite the plain language of Iowa Code sections 368.22 and 17A.19, the court of appeals majority reasoned that other paths for judicial review exist. It felt that there must be *some* room for a declaratory judgment action because certain issues that normally can be raised in a section 17A.19 administrative review proceeding cannot be raised here. *See* Iowa Code § 368.22(2) (stating that the court's review "is limited to" certain grounds); *see also id.* § 368.22(3)(*e*) (providing that some grounds for review in section 17A.19(10) are "not applicable"). But the word "exclusive" is unambiguous. We are not at liberty to rewrite the statute.

The court of appeals majority was also troubled that the Board's construction led to some redundancy. If section 368.22(3)(*e*) is meant to shape the scope of judicial review, doesn't the second sentence of section 368.22(2) already do that? There is perhaps some superfluity.[3]

But the rule against interpreting statutes so they have surplusage is not the be all and end all.[4] If a statute is unambiguous, we stop there without resorting to other rules of construction. *See Kay-Decker v. Iowa*

---

[3]For an example of how the legislature might have limited the scope of the exclusive section 17A.19 review more cleanly, consider section 441.37B, enacted in 2017:

> 1. A party who is aggrieved or adversely affected by a final action of the property assessment appeal board may seek judicial review of the action as provided in chapter 17A. Notwithstanding section 17A.19, subsection 2, a petition for judicial review of the action of the property assessment appeal board shall be filed in the district court of the county where the property that is subject to the appeal is located.
>
> 2. Notwithstanding any provision of chapter 17A to the contrary, for appeals taken from the property assessment appeal board to district court, new grounds in addition to those set out in the appeal to the property assessment appeal board shall not be pleaded.
>
> 3. Notwithstanding any provision of chapter 17A to the contrary, additional evidence to sustain those grounds set out in the appeal to the property assessment appeal board may not be introduced in an appeal to the district court.

2017 Iowa Acts ch. 151, § 17 (codified at Iowa Code § 441.37B).

[4]It is merely a presumption. *See* Iowa Code § 4.4(2).

*State Bd. of Tax Rev.*, 857 N.W.2d, 216, 223 (Iowa 2014). In any event, section 368.22(3)(*e*) isn't entirely unnecessary. It clarifies and eliminates a potential conflict that might arise between the first sentence of section 368.22(2), which says that chapter 17A applies, and the second sentence, which limits the substantive grounds for judicial review more narrowly than chapter 17A otherwise would. By stating that section 17A.19(10) doesn't apply to section 368.22 appeals, section 368.22(3) purges the conflict.[5]

The genesis of section 368.22 helps explain why its wording is not particularly elegant.[6] Iowa Code section 368.22 first became law in 1972. 1972 Iowa Acts ch. 1088 § 46 (codified at Iowa Code § 368.22) (1973)). At that time, it simply provided that a decision of the Board could be appealed and "[t]he court's review on appeal of a decision is limited to questions related to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence." *Id.* (codified at Iowa Code § 368.22 (1973)). So, from the very beginning, grounds for review of Board decisions were somewhat limited.

Two years later, in 1974, the Iowa Administrative Procedure Act (IAPA) came along. *See* 1974 Iowa Acts ch. 1090 (codified at Iowa Code ch. 17A (1975)). This could have led to potential uncertainty because the IAPA recognized more potential grounds for judicial review than section

---

[5]Likewise, one might say that the provision in section 368.22(3) stating that the venue language in section 17A.19(2) doesn't apply is technically unnecessary, because section 368.22(1) has its own venue language. However, it helps eliminate possible confusion and conflict.

[6]As already stated, we do not believe the "exclusive means" language is ambiguous. Yet, even if it were, the legislature has directed us to consider, among other things, "[t]he circumstances under which the statute was enacted" and "[t]he legislative history." Iowa Code § 4.6(2), (3).

368.22 did while also appearing to trump other judicial review statutes. As already noted, Iowa Code section 17A.19 begins as follows:

> Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action.

Thus, once the IAPA became law, it was perhaps unclear whether all the grounds for review listed in chapter 17A were available or only those listed in section 368.22. Section 368.22 was on the books but maybe could no longer be taken literally.

To clear things up, the legislature amended Iowa Code section 368.22 in 1978 in part as follows:

> The judicial review provisions of this section and chapter seventeen A (17A) of the Code shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action. The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. The court may reverse and remand a decision of the board or a committee, with appropriate directions. The following portions of section seventeen A point nineteen (17A.19) are not applicable to this chapter:
>
> 1. The part of subsection two (2) which relates to where proceedings for judicial review shall be instituted.
>
> 2. Subsection five (5).
>
> 3. Subsection eight (8).

1978 Iowa Acts ch. 1128, § 2 (codified at Iowa Code § 368.22 (1979)).[7] This amendment clarifies that IAPA exclusivity applies and that the rest of the IAPA also applies, but with three modifications. First, the review

---

[7]Subsection 8 is now subsection 10 of Iowa Code section 17A.19, and section 368.22 has been amended accordingly.

proceeding must be filed in the county where the city is (or was) located instead of as provided in section 17A.19(2) (i.e., Polk County or where the petitioner resides). Second, stays are not available under section 17A.19(5). Third, the available grounds for review are those set forth in section 368.22 rather than those set forth in section 17A.19(8)—now section 17A.19(10). When we consider this series of enactments, in 1972, 1974, and 1978, the present wording of section 368.22 starts to make more sense.[8]

The court of appeals majority thought it was significant that section 368.22(2) and section 368.22(3) now appear as separate subsections. In the court of appeals' view, this separation made it less plausible that both subsections "shape" the available judicial review. Rather, section 368.22(2) must shape the scope and terms of review, while section 368.22(3) "creates an exception" to it. The court of appeals indicated that the Board's position would have been "more persuasive" if all the purported shaping language had appeared in a single subsection. As the court of appeals put it, "[S]uch limiting or shaping could have been completed within section 368.22(2) without the need to do so in a separate [sub]section, which may have made the Board's position more persuasive."

We believe it was error, though, for the court of appeals to attribute significance to the use of separate subsections. When the general assembly enacted the 1978 amendment, it did so as one subsection only. The present-day division did not come into being until the 2010 corrections legislation, which is self-described as "An Act relating to nonsubstantive Code corrections . . . ." 2010 Iowa Acts ch. 1061, § 150.

---

[8]After the 1978 amendment had already been adopted, we decided a case that clarified the preamendment legal situation. *See Budde v. City Dev. Bd.*, 276 N.W.2d 846, 850–51 (Iowa 1979) (en banc) (reconciling the IAPA and the pre-1978 version of section 368.22).

A nonsubstantive corrections bill is too thin a reed to bear interpretive weight.

Lastly, we recognize that there ought to be some judicial remedy for unconstitutional action by the Board. Normally, Iowa Code section 17A.19(10)(*a*) explicitly allows constitutional arguments to be raised. *See* Iowa Code § 17A.19(10)(*a*) (authorizing the reviewing court to grant relief "if it determines that substantial rights of the person seeking judicial relief have been prejudiced because the agency action is . . . [u]nconstitutional on its face or as applied or is based upon a provision of law that is unconstitutional on its face or as applied."). But in section 368.22(2), that is not an enumerated ground for review. Still, we think the term "arbitrary" as used in section 386.22(2) embraces situations where the Board acts unconstitutionally. An agency that acts unconstitutionally is disregarding the controlling law and therefore acting arbitrarily. *See, e.g.*, *Irland v. Iowa Bd. of Med.*, 939 N.W.2d 85, 89 (Iowa 2020) ("Agency action is considered arbitrary or capricious when the decision was made 'without regard to the law or facts.' ") (quoting *Doe v. Iowa Bd. of Med. Exam'r*, 733 N.W.2d 705, 707 (Iowa 2007)). Certainly it requires less bending of the law (if any at all) to say that an unconstitutional agency action is "arbitrary," *see* Iowa Code § 368.22(2), than to say that "exclusive" means nonexclusive. *See also Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 773 (Iowa 2019) (discussing and applying the doctrine of constitutional avoidance); *In re Guardianship of Kennedy*, 845 N.W.2d 707, 714 (Iowa 2014) (same).

Our precedent is not to the contrary. In *Dunn v. City Development Board*, we held that a challenge to the constitutionality of chapter 368 itself had to proceed first through the Board and then through the judicial review process. 623 N.W.2d 820, 825–26 (Iowa 2001) (en banc). As we explained, "The petitioners must await the conclusion of administrative

proceedings and, if not satisfied, seek judicial review on all of their claims at that time." *Id.* at 826. *See also City of Des Moines v. City Dev. Bd.*, 473 N.W.2d 197, 200–01 (Iowa 1991) (en banc) (considering, in a judicial review proceeding under section 368.22, the question of whether the Board violated the petitioner's due process rights). In addition, our conclusion today jibes with the established principle that courts should refrain from "exercising original rather than appellate jurisdiction" when considering challenges to Board actions. *See City of Waukee v. City Dev. Bd.*, 514 N.W.2d 83, 89 (Iowa 1994).

Accordingly, we hold that the district court properly dismissed the Marek Group's declaratory judgment claims against the Board in this case (No. CVEQ006114), thus relegating the Marek Group to their already-pending judicial review proceeding under section 368.22 (No. CVEQ006111).

### IV. Conclusion.

For the foregoing reasons, we affirm in part and vacate in part the decision of the court of appeals. We affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF DISTRICT COURT AFFIRMED.**